IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:07-00001 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| JOSHUA LEE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Defendant's motion to reduce sentence (Docket Entry No. 31) to which the United States filed a response (Docket Entry No. 36).

The Defendant's motion is under 18 U.S.C. § 3582(c)(2) and is based on a recent amendment to the Sentencing Guidelines lowering the base offense levels "crack" cocaine offenses. Yet, the Defendant's conviction did not involve crack cocaine, but a firearm charge. The Defendant's guilty plea was to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). To be sure, at the time the Defendant was also on supervised release for possessing crack cocaine with the intent to distribute in within the Middle District of Tennessee, Case No. 3:01-00001. Defendant also had a prior conviction for possession of a controlled substance for resale in the state court. The Defendant was sentenced on the gun possession charge to 100 months that was concurrent with a 12 month sentence for the revocation of his supervised release in Case No. 3:01-00041. The sentence in this case was imposed on May 21, 2007.

18 U.S.C. Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the

Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission identified amendments to be applied retroactively pursuant to this authority. The revised version of Section 1B1.10, however, was limited under U.S.S.G. App. C, Amend 712. Revised Section 1B1.10(a), that became effective on March 3, 2008, provides, in relevant part:

(1) <u>In General</u> - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manuel listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 35829(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u> - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -

    (A) none of the amendment listed in subsection (c) is applicable to the defendant; or

    (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u> - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

Amendment 706 became effective November 1, 2007 and reduced the base offense level for crack cocaine offenses.[1] On December 11, 2007, the Commission added Amendment 706 to

---

[1] Amendment 706 was further amended in the technical and conforming amendment set forth in Amendment 711, also effective November 1, 2007.

the list of amendments stated in Section 1B1.10(c) to be applied retroactively, effectively March 3, 2008 U.S.S.G. App. C, Amend. 713.

Defendant's conviction and sentence did not involve crack cocaine nor was the Defendant sentenced under Section 2D1.1 that Amendment 706 changed. The Defendant's offense was possession of a firearm and the Commission has not changed the guidelines for this case. Pursuant to 18 U.S.C. § 3582(c)(2), a petitioner's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

Because Amendment 706 and all other listed amendments are inapplicable to the Defendant, the Defendant's motion is summarily denied. See e.g., United States v. Lee, 281 Fed. Appx. 379 (5th Cir. 2008) (unpublished); United States v. Hall, 304 Fed. Appx. 451 (7th Cir. 2008) (unpublished); United States v. D-40, 2008 WL 2397626 (E.D. Mich. June 11, 2008) (petitioner was sentenced for drug-related murder, in violation of 21 U.S.C. § 841(e)(1)).; United States v. Sotelo, 2008 WL 2074072 (S.D. Ohio, May 13, 2008); United States v. Maxwell, 2008 WL 2951103 (W.D. Tenn. July 28, 2008).

Although his revocation of his supervised release in his Case No. 3:01-00041 involved crack cocaine, Section 1B1.10 of the Sentencing Guideline provides that: "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1b1.10 app. note 4(A). Thus, the Defendant's violation of his supervised release does not render him eligible for any reduction. See e.g., United States v. Forman, 553 F.3d 585, 588-89 (7th Cir. 2009) (per curiam); United States v.

Wooley, 2008 WL 5397767 (N.D. Ohio Dec. 24, 2008); United States v. Gamble, 2008 WL 3066079 (E.D. Ark. Aug. 1, 2008). See also United States v. Williams, 588 F.Supp.2d 786, 788 (E.D. Mich. 2008) (amendment may not be employed to reduce term of supervised release).

For these reasons, the Defendant's motion to reduce sentence (Docket Entry No. 31) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 28th day of June, 2010.

_____
WILLIAM J. HAYNES, JR.
United States District Judge

4